IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VENESSA BLASI                                                                                          PLAINTIFF

V.                          CASE NO. 5:22-CV-05009

GLAD MANUFACTURING COMPANY                                                      DEFENDANT

## COMPLAINT

COMES NOW the Plaintiff Venessa Blasi ("Plaintiff"), by and through her attorney Chris Burks of WH LAW, for her Complaint against Glad Manufacturing Company, she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff Venessa Blasi was terminated from her employment with the Defendant for reporting a workplace injury.

2. Although Arkansas is an at-will employment state, it has historically recognized a public policy exception which prohibits employers from terminating employees for reasons that violate public policy.

3. Plaintiff Venessa Blasi was terminated in violation of public policy and as a result of her actions in reporting her workplace injury to her plant, to the corporate headquarters, and to the Occupational Safety and Health Administration (OSHA) per the Defendant's workplace safety policies.

4. Rather than praise Plaintiff for following Glad Manufacturing Company's procedures, she was repeatedly interrogated by Defendant regarding her injury, with the clear

implication being that she should change her story regarding the nature of her accident and where it occurred.

## II.  JURISDICTION AND VENUE

5. Plaintiff is an individual resident of Benton County, Arkansas.

6. The incidents giving rise to this cause of action occurred in Benton County, Arkansas.

7. Defendant Glad Manufacturing Company is a corporation headquartered in California, and that is able to be served by its registered agent C T Corporation System, 124 West Capitol Ave., Suite 1900, Little Rock, AR 72201.

8. Jurisdiction lies within the Western District of Arkansas pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds $75,000.00, and the events giving rise to this cause of action occurred in Benton County, Arkansas, thus venue is appropriate under 28 U.S.C. § 1391.

9. This is a cause of action against Defendant for terminating Plaintiff for reasons that violate public policy.

## III.  PARTIES

10. Defendant Glad Manufacturing Company was at all times relevant to the allegations in this Complaint Plaintiff's employer.

11. Defendant Glad Manufacturing Company is a global manufacturer and distributer of consumer products, such as cleaning products, trash bags, and food storage containers.

12. Defendant Glad Manufacturing Company operates multiple manufacturing facilities worldwide, including a facility in Rogers, Arkansas, and has a centralized human resource policy.

13. During the time period relevant to this case, Plaintiff was employed at Defendant Glad Manufacturing Company's manufacturing facility in Rogers as a technical processing operator.

14. This suit alleges common law causes of action against the Defendant which occurred in the State of Arkansas, and this suit seeks damages as a relief.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

16. Plaintiff was employed by Defendant as a technical processing operator from approximately 2017 to 2021.

17. During her employment, Plaintiff was trained on workplace safety procedures instituted by Defendant Glad Manufacturing Company for all their manufacturing plants.

18. These procedures included reporting injuries suffered at work, while using plant equipment, to plant management, who were in turn expected to report this to corporate headquarters and to OSHA.

19. On July 2, 2021, Plaintiff injured her hand at work while using a plant machine to complete her job duties.

20. Plaintiff reported this incident per Defendant Glad Manufacturing Company's procedures by making a safety report to her safety coordinator.

21. Approximately 45 minutes later, Plaintiff's assigned team leads came to Plaintiff's area to investigate the safety report. Their initial question was "Are you sure you didn't have that mark on your hand before you came in?"

22. Plaintiff explained what had happened and demonstrated how she was injured, and the team leads left her area. Plaintiff was unable to perform her normal job duties due to the pain caused by her injury, and her coworkers had to help her finish her assigned tasks.

23. After leaving work, Plaintiff went to the hospital and had her hand examined. She suffered from severe bruising and nerve damage and was prescribed medication to alleviate her pain.

24. On July 31, 2021, Plaintiff was questioned by factory management about the cause of her injuries. She explained the accident that occurred and provided another demonstration on her machine to show them how she was injured.

25. Upon questioning, Plaintiff admitted she was prescribed medication for her hand due to the severe bruising and nerve damage. Defendant insinuated she only sought medical care to receive painkillers, ignoring the fact that her hand was hurt so severely that she could not perform her job duties and had to seek help from her coworkers to complete her tasks.

26. On October 5, 2021, Plaintiff was questioned for a third time by factory management. Defendant asked her if she had "remembered anything differently" about the incident that caused her injury. They asked her, "Do you think that injury might have happened outside of work?" Both these questions were designed to intimidate Plaintiff into changing her story, so that Defendant would not have to report the accident to OSHA.

27. Defendant also asked her if she expected the company to pay for the hospital expenses she incurred when she sought treatment for a workplace injury.

28. Defendant later did ultimately report the accident to OSHA, but they failed to do so in a timely manner, despite Plaintiff escalating the incident to Glad Manufacturing Company's corporate office.

29. Plaintiff was terminated by Defendant in October 2021 because of her reporting after she failed to change her story regarding when and how her accident occurred and her incident was finally reported to OSHA.

## V.  FIRST CLAIM FOR RELIEF
(Wrongful Discharge in Violation of Public Policy)

30. There is well-established public policy in this State favoring the reporting of illegal and unsafe activity, specifically OSHA violations and worker-safety issues.  A.C.A. § 11-5-12 *et seq*. require safe conditions in factories, and A.C.A. § 11-5-12 *et seq*. require company reporting and responsibility for qualifying workplace injuries.  When Defendant terminated Plaintiff for complaining to OSHA about her specific worker-safety issue that caused injury to her, it acted in violation of public policy.

31. As a direct and proximate result of the actions of the Defendant and its agents, Plaintiff has suffered irreparable harm to her reputation; she has suffered loss of income in the past and will continue to suffer loss earnings and loss of earning capacity in the future; and she has endured emotion pain and turmoil in the past and will continue to endure the same in the future. She is entitled to both compensatory and punitive damages from the Defendant as a result of the intentional and grossly negligent conduct alleged herein.

32.     All acts of the Defendant's agents and employees and officers against Plaintiff were done within the scope and course of their employment with the Defendant, and thus, Defendant is liable for such acts under the theory of *respondeat superior*.

WHEREFORE, premises considered, Plaintiff Venessa Blasi respectfully prays for judgment against the Defendant in the form of both compensatory and punitive damages in an unliquidated sum and for all other just and proper relief to which she may be entitled, including, but not limited to, attorney's fees and costs.

        Respectfully submitted,

        **Venessa Blasi, PLAINTIFF**

        WH Law | We Help
        1 Riverfront Pl. – Suite 745
        North Little Rock, AR 72114
        (501) 891-6000

By:    *Chris Burks*
        Chris Burks (ABN: 2010207)
        chris@wh.law